UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PFS INVESTMENTS INC,<br>METLIFE INVESTORS<br>USA COMPANY, and METLIFE<br>INSURANCE COMPANY<br>OF CONNECTICUT<br>                         Plaintiffs,<br><br>   v.<br><br>CIPRIAN ORTIZ, JR., YOLING ORTIZ,<br>CIPRIAN E. ORTIZ III, and C.O., a minor,<br><br>                   Defendants. | NO. 2:13-cv-01159-JCC<br><br>**ANSWER IN RESPONSE TO<br>PLAINTIFFS' COMPLAINT FOR<br>INTERPLEADER AND<br>DECLARATORY RELIEF** |

Comes now the defendant, Ciprian Ortiz Jr., (Defendant) by and through his attorney Louis G. Hunter of the Law Offices of Louis G. Hunter and pursuant to LCR 10 makes the following answer to Plaintiff's PFS Investments INC., MetLife Investors USA Company and MetLife Insurance Company of Connecticut's (Plaintiffs) complaint.

## 1.0 PARTIES AND VENUE

Answer to Interpleader From
Defendant Ciprian Ortiz Jr.      1

1.1       Defendant Ciprian Ortiz Jr. admits that the sum in controversy exceeds $75,000, but has insufficient information to admit or deny the remainder of this paragraph therefore it is denied.

1.2       Defendant has insufficient information to admit or deny this paragraph therefore it is denied.

1.3       Defendant has insufficient information to admit or deny this paragraph therefore it is denied.

1.4       Defendant has insufficient information to admit or deny this paragraph therefore it is denied.

1.5       Defendant admits that he resides in King County, Washington and that he is the ex-husband of defendant Yoling Ortiz but denies the remainder of this paragraph.

1.6       Defendant admits that Yoling Ortiz resides in Edmonds, Washington, that she is the ex-wife of Defendant and admits that Ignacia Nicolas is deceased.  Defendant has insufficient information to admit or deny the remainder of this paragraph therefore it is denied.

1.7       Defendant admits that Ciprian Ortiz III resides in Edmonds, Washington and is the son of Defendant and Yoling Ortiz the remainder of the paragraph is denied.

1.8       Defendant admits that C.O. a minor resides in Edmonds Washington and is the child of Defendant and Yoling Ortiz the remainder of the paragraph is denied.

1.9       Deny.

## 2.0  FACTS

2.1       Defendant denies that Ignacia Nicolas and Yoling Ortiz are Joint Owners of the variable annuity account (the "contract").  Defendant admits that Ignacia Nicolas

Law Offices of Louis G. Hunter LLP
605 Thomas St.
Seattle, WA 98109
206-669-9069
hunter.louis@gmail.com

1   was both the Owner and Annuitant of the contract. Defendant admits that Yoling Ortiz

2   is a Joint Owner of the contract. Defendant admits that he is the designated Primary

3   Beneficiary of the contract. Defendant denies that Ciprian Ortiz, III, and C.O. are

4   designated as Contingent Beneficiaries of the contract. Defendant admits that he was

5   not aware he was designated as the Primary Beneficiary under the contract. Defendant

6   admits that Primary Beneficiary, Contingent Beneficiary, Joint Owner, Annuitant and

7   Owner are all clearly defined terms under the contract and the contract unambiguously

8   states who occupies each role.

9   2.2     Admit

10  2.3     Defendant admits that he has a copy of a letter from MetLife to Primerica

11  acknowledging Primerica had notice of Ms. Nicolas' death. Defendant has insufficient

12  information to admit or deny the remainder of this paragraph therefore it is denied.

13  2.4     Defendant admits that "the designated beneficiary, defendant Ciprian Ortiz

14  Jr., rather than the joint owner of the contract (Defendant Yoling Ortiz) was entitled to

15  the funds." Cmplt 2.4. Defendant has insufficient information to admit or deny the

16  remainder of this paragraph therefore it is denied.

17  2.5     Defendant admits he has a copy of the check wherein MetLife paid out the

18  annuity proceeds in the amount of $148,361 made payable to Defendant. Defendant

19  admits he never received the check and that Primerica's agent was later convicted of

20  identity theft in the second degree for the theft of Defendants identity. Defendant has

21  insufficient information to admit or deny the remainder of this paragraph therefore it is

22  denied.

23

Law Offices of Louis G. Hunter LLP
605 Thomas St.
Seattle, WA 98109
206-669-9069
hunter.louis@gmail.com

2.6     Defendant denies being named as beneficiary was a mistake.  Defendant admits he has made claims to MetLife Account 9988296 as well as that he has claims against both MetLife and Primerica Inc. for numerous torts as well as criminal activity including but not limited to crimes arising under King County Sheriff's incident number 11-251718 or King County Superior Court case number 12-1-02830-0.

2.7     Deny.

2.8     Deny.

2.9     Defendant has insufficient information to admit or deny this paragraph therefore it is denied.

2.10    Defendant has insufficient information to admit or deny this paragraph therefore it is denied.

### 3.0  CAUSES OF ACTION

3.1     Deny.

3.2     Deny.

### 4.0  RESPONSE TO REQUEST FOR RELIEF

4.1     To the extent any response is required to Plaintiffs Request for Relief, each request (paragraphs a-g) is expressly denied.  Furthermore Defendant objects to Plaintiffs interpleader and asserts Plaintiffs had no right to interplead under the futility doctrine.  Further, Plaintiffs misstate the right of interpleader to the extent it alleges facts and requests relief to the effect that interpleading the annuity proceeds entitles it to an injunction against any claims being made outside of the decision to interplead.  In essence Plaintiffs pled facts and requested relief that interpleading funds creates immunity as to all civil liability arising out of its conduct since 2002.  This is incorrect.

Answer to Interpleader From
Defendant Ciprian Ortiz Jr.     4

Law Offices of Louis G. Hunter LLP
605 Thomas St.
Seattle, WA 98109
206-669-9069
hunter.louis@gmail.com

Even assuming for the sake of argument only that Plaintiffs are entitled to interpleader, at most that would bar future claims against Plaintiffs limited to the single issue of whether the proceeds were paid to the appropriate beneficiary. However, interpleading funds does not constitute immunity as to causes of action, including but not limited to bad faith, negligence, identity theft, negligent supervision, conversion and fraud, against an insurance carrier arising out of its handling of an annuity. Furthermore this court lacks jurisdiction over the present case because the annuity proceeds were paid out in 2009 and the account at issue, 9988296, is closed and holds no funds.

4.2     Any claim or asserted fact not expressly admitted is denied.

## **5.0  AFFIRMATIVE DEFENSES**

5.1     Plaintiffs claims are barred by the doctrines of unclean hands.

5.2     Defendant denies the material allegations of this interpleader and demands strict proof thereof.

5.3     Plaintiffs claim that Ciprian Ortiz III and C.O. are named as contingent beneficiaries violates the Statue of Frauds.

5.4     Plaintiffs claims are barred by fraud. Plaintiffs in this case made the false statement that, Ciprian Ortiz Jr. is not the intended primary beneficiary. Plaintiffs intended for Defendant to rely on the statement. The statement caused reliance on the part of Defendant. Defendant's reliance on that false statement caused significant damages including but not limited to waiting for nearly 2 years before he hired counsel and brought suit, emotional distress and strain on relationships for bringing the suit and attorney's fees.

Law Offices of Louis G. Hunter LLP
605 Thomas St.
Seattle, WA 98109
206-669-9069
hunter.louis@gmail.com

5.5    Plaintiffs paid out the entire sum of the annuity therefore they have no right to interplead the funds and should be estopped.

5.6    Plaintiffs have waived their right to contest or should be estopped from contesting the contract because the contract expressly states under its "Incontestability" provision that "We will not contest this Contract from the Contract Date" Contract pg 16.

5.7    Plaintiffs claim a right to attorney's fees which is not authorized under applicable law.

5.8    Plaintiffs claims are barred because their negligence or intentional acts created the current controversy.

5.9    Plaintiffs ratified the contract when they stated that the proceeds were payable to Defendant.  They further ratified the contract when they paid the proceeds to who they thought was the Defendant.

5.10    Plaintiffs breached the contract they drafted when they failed to pay according to its terms.

5.11    Any evidence the Plaintiffs seek to introduce to either modify or invalidate the contract is barred by the parole evidence rule, hearsay or the Deadman's statute.

5.12    Plaintiffs have been unjustly enriched by maintaining approximately $150,000 in their accounts and presumably investing or earning interests on the funds to their benefit since 2006.

5.13    Defendant reserves the right to make and allege additional affirmative defenses as discovery continues.

Law Offices of Louis G. Hunter LLP
605 Thomas St.
Seattle, WA 98109
206-669-9069
hunter.louis@gmail.com

## 6.0  PRAYER FOR RELIEF

6.1      For additional damages proximately caused by Plaintiffs bad faith interpleader including but not limited to interests on the liquidated unpaid annuity proceeds because of the delay caused by this wrongful interpleader.  Defendant's attorney's fees and costs in having to defend issues raised by Plaintiffs wrongful interpleader.  Emotional distress caused by Plaintiffs intentionally creating litigation between defendant, his beloved children and his ex-wife.  Because of Plaintiffs bad faith and unwillingness to pay the annuity proceeds it admits are due and payable.  Under Washington State's Statue, these damages are subject to trebling;

6.2      That Plaintiffs request for interpleader be denied with prejudice;

6.3      For any and all other relief this court deems equitable, legal, just, appropriate and necessary to effectuate the answer, affirmative defenses, and requests for relief herein.

DATED this 29th of July, 2013

Law Offices of Louis G. Hunter L.L.P.
Attorneys for Defendant

s/Louis G. Hunter         

By
Louis G. Hunter, WSB #43818

Law Offices of Louis G. Hunter LLP
605 Thomas St.
Seattle, WA 98109
206-669-9069
hunter.louis@gmail.com

1

2

3

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2013, I electronically filed the foregoing with the Clerk of

the U.S. District Court for the Western District of Washington using the CM/ECF system.


DATED this 29th day of July, 2013

Law Offices of Louis G. Hunter L.L.P.


By____s/ Louis G. Hunter_____
Louis G. Hunter, WSBA #43818
605 Thomas St.
Seattle, WA 98109
Phone; (206) 604-2699 or (206) 669-9069
Email: hunter.louis@gmail.com
Attorney for Defendant