THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

PFS INVESTMENTS INC., et al.,

CASE NO. C13-1159-JCC

10

Plaintiffs,

ORDER

11

12

v.

CIPRIAN ORTIZ JR., et al.,

13

Defendants.

14

15    This matter comes before the Court on the parties' cross-motions for summary judgment

16  (Dkt. Nos. 23, 26). Having thoroughly considered the parties' briefing and the relevant record,

17  the Court finds oral argument unnecessary and hereby DENIES Defendant Ciprian Ortiz's

18  motion (Dkt. No. 23) and GRANTS Plaintiffs' cross-motion (Dkt. No. 26) for the reasons

19  explained herein.

20  **I.      BACKGROUND**

21    This is an interpleader action concerning the proceeds of a life annuity. Yoling Ortiz

22  ("Yoling"), the ex-wife of Ciprian Ortiz, Jr. ("Ciprian"), and her aunt, Ignacia Nicolas,

23  established the annuity account in 2002 as joint owners. (Dkt. No. 1 at 3.) Ms. Nicolas died in

24  2005. (Dkt. No. 1 at 3.) It is undisputed that Plaintiffs owe $148,361.00 under the annuity. (Dkt.

25  No. 23 at 2; Dkt. No. 26 at 2.) Both Yoling and Ciprian have claimed to be the rightful

26  beneficiary of the proceeds, although Defendant Ciprian disputes the evidentiary basis for

ORDER
PAGE - 1

1   Plaintiffs' belief in Yoling's claim. Plaintiffs filed this interpleader action seeking to submit the

2   $148,361 into the Court's registry and thus discharge their obligations. (Dkt. No. 1 at 5.)

3   **II.     DISCUSSION**

4         **A.     Interpleader Action**

5         The purpose of an interpleader action is to resolve competing property claims and protect

6   the party holding the property from multiple claims and liability. *See Premier Trust, Inc. v.*

7   *Duvall*, 559 F.Supp.2d 1109, 1113 (D. Nev. 2008) (citing cases). "[I]n order to avail itself of the

8   interpleader remedy, a stakeholder must have a good faith belief that there are or may be

9   colorable competing claims to the stake." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887,

10  894 (9th Cir. 2012). This is not an onerous standard and the stakeholder is not responsible for

11  sorting out the merits of conflicting claims. *See id.* As Defendant recognizes, "interpleader has

12  very low bar . . . ." (Dkt. No. 23 at 9.)

13        Plaintiffs have easily cleared this low bar. Defendant's arguments to the contrary appear

14  to rest primarily on the inadmissibility of Plaintiffs' evidence. (Dkt. No. 32.) But Plaintiffs are

15  not required to prove by admissible evidence that Yoling has a colorable claim; they must merely

16  show a good-faith belief in the competing claim. The declarations submitted in support of their

17  motion do so. (Dkt. Nos. 27, 28.) Defendant's other arguments are similarly meritless.

18        As disinterested stakeholders—which the Court concludes Plaintiffs are—Plaintiffs are

19  entitled to reasonable attorney's fees, which will be determined upon application. *See Trustees of*

20  *the Directors Guild of America-Producer Pension v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000);

21  *First Interstate Bank N.A. v. United States*, 891 F. Supp. 543, 548 (D. Or. 1995).

22  **III.    CONCLUSION**

23        For the foregoing reasons, Defendant Ciprian Ortiz's motion for summary judgment is

24  DENIED (Dkt. No. 23) and Plaintiffs' cross-motion is GRANTED (Dkt. No. 26).

25  //

26  //

ORDER
PAGE - 2

1      DATED this 29th day of May 2014.

2

3

4

5

6

7                                      John C. Coughenour
8                                      UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 3