THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PFS INVESTMENTS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Ciprian Ortiz, Jr., et al., <br><br> Defendants. | CASE NO. C13-1159-JCC <br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter was tried to the Court on December 8, 2014. The claims presented for adjudication were as follows:

(1) Who is the rightful recipient of proceeds from an annuity purchased by Ignacia Nicholas, the late-aunt of Defendant Yoling Ortiz?

(2) Once the rightful owner of the funds is determined, is an award of pre-judgment interest appropriate?

(3) What amount of attorneys' fees is reasonable to award to interpleader Plaintiffs?

## I.    FINDINGS OF FACT

Defendant Yoling Ortiz, the ex-wife of Defendant Ciprian Ortiz, Jr., established an annuity account in 2002 as joint owner with her aunt, Ignacia Nicolas. Ms. Nicolas died in 2005. It is undisputed that Plaintiffs owe $148,361.00 under the annuity.

The annuity contract lists Ciprian Ortiz, Jr. as the primary beneficiary. Ciprian Ortiz, Jr. and Yoling Ortiz have two children, Ciprian E. Ortiz, III and C.O., a minor. The children are listed on the annuity as contingent beneficiaries. In 2009, Yoling Ortiz filed her own annuity application—included as an exhibit before the Court—listing Ciprian E. Ortiz, III and C.O. as sole beneficiaries.

The designation of Ciprian Ortiz, Jr. as the primary beneficiary on the annuity contract was in error. Mr. Ortiz, Jr. himself stated that the annuity proceeds were meant to be an inheritance for Yoling Ortiz. Ciprian Ortiz, Jr. was unaware of the annuity's existence when the contract was formed. Yoling Ortiz has, mysteriously, not entered an appearance in this case despite Plaintiffs' varied attempts to contact her.

Ciprian Ortiz, Jr. objects to distributing the annuity proceeds between his two children.

## II.    CONCLUSIONS OF LAW

Jurisdiction is vested in this Court under 28 U.S.C. §§ 1332 and 1335. The amount in controversy is $148,361.00, and complete diversity exists between the parties.

### A.  Ciprian Ortiz, Jr.'s Designation as Primary Beneficiary was a Mutual Mistake Warranting Contract Reformation

Under Washington law, "a mutual mistake occurs when the parties, although sharing an identical intent when they formed a written document, did not express that intent in the document." *Caliber One Indem. Co. v. Wade Cook Fin. Corp*., 491 F.3d 1079, 1082 (9th Cir. 2007) (citing *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash.2d 824 (Wash. 2000)). A finding of mutual mistake requires clear, cogent, and convincing evidence. *Chem. Bank v. Washington Pub. Power Supply Sys.*, 102 Wash. 2d 874, 989–99 (Wash. 1984).

The Court finds clear, cogent, and convincing evidence that the parties to the annuity contract were mistaken about the legal effect of the contract as executed. The women who signed the contract—including the agent for Plaintiffs—were under the impression that any annuity

proceeds would be paid to Yoling Ortiz upon Ms. Nicolas's death.[1] Ciprian Ortiz, Jr. expressed

his own belief that the annuity proceeds were meant to be Yoling Ortiz's inheritance before he

began to pursue this lawsuit. The designation of Ciprian Ortiz, Jr. as primary beneficiary was a

mutual mistake.

Reformation of the contract is thus appropriate. *See Caliber One*, 491 F.3d at 1083. Key

to the reformation of a contract is the intent of the contracting parties. *Axis Surplus Ins. Co. v. St.*

*Paul Fire & Marine Ins. Co.*, 947 F. Supp. 2d 1129, 1135 (W.D. Wash. 2013) (citing *Zehner v.*

*Zehner*, 2013 Wash. App. LEXIS 636, at *7). While evidence and testimony before the Court

demonstrates clear intent for Yoling Ortiz to receive the annuity proceeds, the contract also

names contingent beneficiaries, Ciprian Ortiz, III and C.O. The Court is aware of a previous

offer by Yoling Ortiz to settle the dispute with Ciprian Ortiz, Jr. by dividing the annuity between

the children. Ciprian Ortiz, Jr. objects to dividing the proceeds between his two children, with no

justification or explanation other than so he may "provide for them within his own family."

Yoling Ortiz's 2009 annuity application further expresses her clear intent to leave all proceeds to

her two children. This intent is made even more obvious by the couple's divorce.

The Court reforms the contract to reflect the intent of the contracting parties, and finds

Ciprian Ortiz, III and C.O. the rightful recipients of the annuity proceeds in this case, with each

child taking a fifty percent interest. Where a primary beneficiary is legally ineligible to receive

insurance proceeds, the proceeds should then be awarded to any contingent beneficiaries in line.

*See Baekgaard v. Carreiro*, 237 F.2d 459, 465 (9th Cir. 1956) ("[P]aying the proceeds to the

beneficiary first in priority who is eligible under the law to receive the money. . . give[s] effect to

---

[1] Yoling Ortiz and Cecilia Sawyer, who executed the contract with Ms. Nicolas, both anticipated that the proceeds of
Ms. Nicolas's annuity would go to Yoling Ortiz.

FINDINGS OF FACT AND CONCLUSIONS OF
LAW
PAGE - 3

the intent of the insured") (internal citation omitted). Ciprian Ortiz, Jr. is not eligible under the law to receive the insurance proceeds as he was only so named by virtue of a mutual mistake.

### B.  Prejudgment Interest is Inappropriate

Ciprian Ortiz, Jr. requested $134,753.26 in pre-judgment interest—which would almost double the annuity proceeds. A district court may award pre-judgment interest in an interpleader action, typically if the stakeholder has been "unjustly enriched" by the use and benefit of the funds or unreasonably delayed depositing funds into the court registry. *Gelfgren v. Republic Nat'l Life Ins. Co.*, et al, 680 F.2d 79, 82 (9th Cir. 1982). Plaintiffs did not so delay, but rather petitioned the Court for the right to deposit the funds into the Court registry themselves. An award of pre-judgment interest in this case is neither necessary nor appropriate. Rather, the Court perceives Ciprian Ortiz, Jr.'s request for pre-judgment interest as an invalid effort to gain a financial windfall.

### C.  Attorney's Fees

The interpleader Plaintiffs are entitled to reasonable attorneys' fees. The Court agrees that Plaintiffs' efforts in this case have exceeded the typical work demanded in an interpleader case. Plaintiffs' attorneys have responded to numerous pleadings and also spent time and resources attempting to locate Defendant Yoling Ortiz. The Court does not find Plaintiffs' request for attorneys' fees entirely improper.

Some of the hourly calculations estimated by Plaintiffs do, however, appear modestly excessive. Specifically, in documentation submitted to the Court, Plaintiffs' attorneys estimate spending 37 hours on "research, preparation, and attendance at Court-ordered mediation." The mediation was one day long. The Court therefore finds a more appropriate award of attorney's fees using a smaller estimate of 10 hours for attorney Steve Fogg (totaling $4,000.00) and 15

hours for attorney Paul Raskin (totaling $4,350.00). The Court also finds the estimated hours spent in filing cross-motions for summary judgment (47.1) slightly too high. The Court instead awards attorneys' fees based on the following estimates: 8.5 hours for Steve Fogg (totaling $3,400.00), 28 hours for Paul Raskin (totaling $8,120.00), and 4.2 hours for Kelly Sheridan (totaling $945.00). Finally, the Court also finds payment of $652.74 for online legal research costs inappropriate.

The Court, therefore, finds a reasonable award of attorneys' fees as follows:

1) Research, filing of interpleader action: 14.5 hours totaling $4,452.00

2) Research, preparation, attendance at mediation: 25 hours totaling $8,350.00

3) Research and filing associated with summary judgment motions: 40.7 hours totaling $12,465.00

4) Negotiations with opposing counsel: 5.1 hours totaling $1,690.00

5) Preparation and filing of motion for fees and costs: 10.2 hours totaling $2,245.00

6) Filing costs: $400.00

7) Mediation fees: $2,000.00

8) **Total Attorneys' Fees Award: $31,602.00**

A judgment and an order of disbursement of registry funds by the court clerk, consistent with these findings and conclusions, will be entered in favor of Defendants Ciprian E Ortiz, III and C.O., a minor.

However, prior to this disbursement, a Guardian ad Litem is required to represent the fiduciary and legal interests of C.O., a minor. The Court hereby **ORDERS** the parties to meet and confer, and to submit to the Court three candidates for a Guardian ad Litem. These candidates must be suitable, disinterested persons with the requisite knowledge, training and

1    expertise to perform the duties required to protect C.O.'s fiduciary and legal interests in this case.

2    The parties are directed to submit the list of three candidates to the Court **on or before**

3    **December 21, 2014.**

4        Plaintiffs' counsel is hereby awarded $31,602.00 in costs and attorneys' fees.

5        SO ORDERED this 11th day of December 2014.

6

7

8

9

10

11

12   _____

13   John C. Coughenour
     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

FINDINGS OF FACT AND CONCLUSIONS OF
LAW
PAGE - 6